IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Valencia Daniels, dba, The New Black Panther Party, *et al.*, : | |
| : | Civil Action 2:08-cv-00016 |
| Plaintiffs | |
| : | Judge Marbley |
| v. | |
| : | Magistrate Judge Abel |
| State of Ohio, *et al.*, | |
| : | |
| Defendants | |
| : | |

## Initial Screening Report and Recommendation

Plaintiffs bring this civil rights action under 42 U.S.C. §1983. Plaintiffs' motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief against any defendant other than City of Columbus Police Detective Art W. Hughes; and, therefore, I recommend dismissal of Count Two of the complaint and of all defendants except Hughes.

The complaint alleges two causes of action. Count One alleges that on October 6,

2007 defendant Detective Art W. Hughes unconstitutionally fingerprinted, arrested and interrogated plaintiff C, a 13 year old minor who is mildly mentally retarded.  The interrogation was without the consent of plaintiff Cassandra Henley, the minor's custodial parent.  The complaint further alleges that plaintiff C was not tried on criminal charges because a judge found that he was not mentally competent to stand trial.  There are no factual allegations in the complaint that any defendant, other than Hughes, engaged in any actionable conduct.

Count Two alleges that judicial rulings were made in an earlier litigation involving plaintiffs Sidney Lewis and Yvonne D. Lewis and defendants Huntington National Bank and United States of America that deprived plaintiffs of due process of law.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), of the Federal Rules of Civil Procedure, provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 127 S.Ct. at 2200; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

**Analysis.** At this early stage of the proceedings, I cannot say that Count One of the complaint fails to state a claim against defendant Detective Art W. Hughes. However, it does not allege facts which, if proven, would demonstrate that any other defendant denied plaintiff C a constitutional right. There are no factual allegations that any defendant, other than Hughes, acted to deprive plaintiffs of a constitutional right or directed others to do so.

Count Two fails to state a claim for relief against any defendant. A United States District Court does not have jurisdiction to review state court judgments. Only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court. *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

The Lewis's remedy, if any, was to appeal the adverse state court rulings. "State courts, like Federal courts, have a constitutional obligation to safeguard personal liberties and to uphold Federal law. *Martin v. Hunter's Lessee*, 1 Wheat. 304, 341-44, 4 L.Ed. 97 (1816)." *Stone v. Powell*, 428 U.S. 465, 494 at n.35 (1976). *See, Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 275-76 (1997); *California v. Grace Brethren Church*, 475 U.S. 393, 417 at n.37 (1982); *Hathorn v. Lovorn*, 457 U.S. 255, 269 (1982); *Kish v. Michigan*

*State Bd. of Law Examiners*, 999 F.Supp. 958, 963-64 (E.D. Mich. 1998).

Accordingly, the Magistrate Judge RECOMMENDS that Count Two of the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983.  It is FURTHER RECOMMENDED that all defendants be DISMISSED except defendant Art W. Hughes.  He must respond to the complaint within forty-five (45) days of the date he is served with summons and complaint.  All other defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge

Case: 2:08-cv-00016-ALM-MRA Doc #: 4 Filed: 01/22/08 Page: 6 of 6  PAGEID #: 274