IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Valencia Daniels, et al., | : | |
| Plaintiffs | : | Case No. 2:08-cv-16 |
| v. | : | Judge Marbley |
| The State of Ohio, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Court on Plaintiffs' objections to the Magistrate Judge's January 21, 2008, Initial Screening Report and Recommendation. (Doc. 11.) Also before the Court is Plaintiffs' motion for leave to amend their Complaint. (Doc. 22.) For the reasons below, Plaintiffs' objections are OVERRULED, the Court ADOPTS the Magistrate Judge's Initial Screening Report and Recommendation, and Plaintiffs' motion for leave to amend is DENIED.

**Background**

On January 22, 2008 Plaintiffs filed their Complaint against Defendants. (Doc. 3.) Count One of Plaintiffs' Complaint alleges that on October 6, 2007, Defendant Detective Art W. Hughes unconstitutionally fingerprinted, arrested, and interrogated Plaintiff C, a 13 year old minor who is mildly mentally retarded. (*Id*. at pp. 17-21.) It also alleges that the interrogation was conducted without the consent

of Plaintiff C's custodial parent, Cassandra Henley. (*Id*.) The Complaint further alleges that Plaintiff C was not tried on criminal charges because the Judge found that he was not mentally competent to stand trial. (*Id*.) Count Two of Plaintiffs' Complaint alleges that judicial rulings were made in an earlier litigation, involving Plaintiffs Sidney Lewis and Yvonne D. Lewis and Defendants Huntington National Bank and United States of America, which deprived Plaintiffs of due process of law. (Doc. 3., p. 21 et seq.)

On the same day that Plaintiffs filed their Complaint, the Magistrate Judge issued an Initial Screening Report and Recommendation. (Doc. 4.) The Magistrate Judge recommended that Count Two be dismissed because it fails to state a claim under 42 U.S.C. §1983. (Doc. 4, p. 4.) He further recommended that all Defendants except Defendant Art W. Hughes be dismissed. (*Id*.) With respect to Count Two, the Initial Screening Report and Recommendation explains that a United States District Court does not have jurisdiction to review state court judgments and that under the *Rooker-Feldman* doctrine a litigant cannot collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action. (*Id*. at p. 3.) With respect to Count One, the Initial Screening Report and Recommendation explains that there are no factual allegations that any Defendant, other than Detective Hughes, acted to deprive Plaintiffs of a constitutional right or directed others to do so. (*Id*.)

On February 4, 2008, Plaintiffs filed amended objections to the Magistrate Judge's Initial Screening Report and Recommendation. (Doc. 11.) Although the objections are styled amended objections, Plaintiffs did not file any earlier objections to the Initial Screening Report and Recommendation. Accordingly, the Court will refer to Plaintiffs' "amended objections" as "objections." Also, on March 13, 2008, Plaintiffs moved the Court for leave to amend their Complaint. (Doc. 22.) Plaintiffs' objections and motion for leave to amend are matters now before Court.

## Analysis

### A. Objections

Plaintiffs first object to the Report and Recommendation's position that the Complaint fails to state a claim for relief except with respect to Defendant Hughes. (Doc. 11, p. 1.) Plaintiffs' objection presents no legal argument. (*See id*. at pp. 1-3.) The objection contends that 11 other minors were mistreated. (*Id*.) However, these minors are not parties in Case No. 2:08-cv-16. Therefore Plaintiffs' objection is OVERRULED.

Plaintiffs state that they object to that portion of the Report and Recommendation which states that ". . . Defendant Detective Art W. Hughes unconstitutionally interrogated plaintiff C, a 13 year old minor who is mildly retarded." (Doc. 11, p. 3.) The Report and Recommendation states that "Count One allege that on October 6, 2007 defendant Detective Art W. Hughes

unconstitutionally fingerprinted, arrested, and interrogated plaintiff C, a 13 year old minor who is mildly mentally retarded." (Doc. 4, pp. 1-2.) Thus, it appears that Plaintiffs are objecting to their own allegations in their Complaint. Accordingly, Plaintiffs' objection is OVERRULED.

Plaintiffs next object to the Report and Recommendations statement that "Count Two alleges that judicial rulings were made in an earlier litigation involving plaintiffs Sidney Lewis and Yvonne D. Lewis and defendants Huntington National Bank and United States of America . . . ." (Doc. 11, p. 4.) The objection does not state why Plaintiffs are objecting to the statement. (*See id*.) Thus, Plaintiff's objection is OVERRULED.

Plaintiffs also object to the Report and Recommendation's statement that "Count Two fails to state a claim for relief against any defendant. A United States District Court does not have jurisdiction to review state court judgments. . . ." (Doc. 11, p. 6.) Plaintiffs further object to the statement: "Lewis's remedy, if any, was to appeal the adverse state court rulings." (*Id*. at p. 7.) Indeed, under Sixth Circuit jurisprudence, Plaintiffs' remedy, if any, was to appeal. See *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). Therefore, Plaintiffs' objection is OVERRULED.

### B. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend

the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P.  That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See also Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).  The Sixth Circuit has explained that, in deciding whether to grant a motion to amend, courts should consider the futility of the amendment.  *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).  In other words, the District Court need not grant the plaintiff leave to amend the complaint where the amendment would be futile.  *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003).

      Plaintiffs' motion for leave to amend is DENIED.  Plaintiffs' motion for leave to amend asserts that federal immunity issues were not pleaded in the initial Complaint and that the proposed First Amended Complaint is necessary to conform the pleadings to the evidence now before the Court.  (Doc. 22, pp. 2-3.)  However,

even if the Court grants Plaintiffs leave to amend, Count Two[1] of Plaintiffs' Complaint would be subject to dismissal for the same reasons provided in the Magistrate Judge's Initial Screening Report and Recommendation. In other words, the amendment would be futile.

Accordingly, Plaintiffs' objection are OVERRULED, the Court ADOPTS the Magistrate Judge's Initial Screening Report and Recommendation, and Plaintiffs' motion to for leave to amend is DENIED.

s/Algenon L. Marbley<br>
United States District Judge

---

[1] Based on the reasons offered in Plaintiffs' motion for leave to amend, it appears that any amendments made to the Complaint should affect only Count Two.