IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA DANIELS, *et al.*, | : | |
| Plaintiff | : | Civil Action 2:08-cv-16 |
| v. | : | Judge Marbley |
| STATE OF OHIO, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER DENYING RECONSIDERATION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's August 13, 2008 Order (Doc. 42), Objection to Order of Magistrate Judge Abel of October 6, 2008 (Doc. 50), and another Motion for Reconsideration of the Court's August 13, 2008 (Doc. 51). Plaintiffs ask this Court to reconsider its August 13, 2008 Order (Doc. 40) adopting the Report and Recommendation of the Magistrate Judge (Doc. 4), which, in pertinent part, dismissed Plaintiffs' second cause of action. This claim was, in effect, an attempt to appeal state court proceedings relating to the redemption of U.S. savings bonds. Plaintiffs also object to the Magistrate Judge's order of October 6, 2008 denying several of Plaintiffs' motions as moot. Plaintiffs further ask for the August 13, 2008 Order to be vacated pursuant to Fed. R. Civ Pro. 60(b).

The August 13, 2008 Order upheld the Magistrate Judge's dismissal of this

1

portion of the case, on grounds that only the United States Supreme Court can review a state court judgment, not a United States District Court. *Gottfried v. Medical Planning Services*, 142 F.3d 326 (6th Cir. 1998). Plaintiffs' remedy, if dissatisfied with the judgment of the state court, was to appeal the adverse state court rulings in the state appellate courts, not to attempt to appeal the judgment in this court.

Plaintiffs move this Court to reconsider its order, arguing at length that this court has jurisdiction over suits involving the redemption of U.S. savings bonds, and also that recent decisions of the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court render the Court's application of the *Rooker-Feldman* doctrine incorrect. Plaintiffs cite to, *inter alia*, *Exxon Mobil Corp. v. Saudi Basic Ind's Corp.*, 544 U.S. 280 (2005), *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006), and *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007).

The Court finds Plaintiffs' arguments that the claim they attempt to raise in this action is not essentially an attempt to seek appellate review of the state court judgment unpersuasive. Count Two, as this Court has already found, would amount to the overturning of an injurious state-court judgment. Such suits are, despite modern exceptions to the *Rooker-Feldman* doctrine, still beyond the jurisdiction of this Court.

Notwithstanding their Motion for Reconsideration, Plaintiffs further request that the August 13, 2008 Order be vacated under Fed. R. Civ. Pro. 60(b)(3), (4), and

(6). Civil Rule 60 provides in relevant part that:

> (b) Grounds for Relief from a Final Judgment Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> [...]
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> [...]
> (6) any other reason that justifies relief.

Plaintiffs refer to the Court's August 13, 2008 Order as a "judgment", and ask that it be vacated because it lacks express language pursuant to Fed. R. Civ. Pro. 54(b) stating that the Court has determine that there is no just reason for delay. Logically, if Plaintiffs' objection is that the Court failed to expressly designate the August 13, 2008 Order as a final judgment, then they cannot request relief from such a nonjudgment under Rule 60(b). Plaintiffs' "Motion for Reconsideration" is thus not well taken.[1]

Finally, Plaintiffs object to the Magistrate Judge's Order of October 6, 2008 denying several motions which related to the dismissed Count Two of Plaintiffs' Complaint. The essence of Plaintiffs' objection appears to be that the Magistrate Judge failed to rule upon Plaintiffs' motions on their merits, even though they were

---

[1] Plaintiffs further argue that "[t]his case was inadvertently dismissed as a "First Amendment Complaint" (see: Doc 40, pg.5 of 6, line 25) action by this Court on August 13, 2008". (Doc. 51 at 1.) A review of the Court's August 13, 2008 Order indicates that the Court referred to Plaintiffs' proposed "First Amended Complaint" - *i.e.*, the amended complaint which Plaintiffs requested leave on March 13, 2008 to file with this Court.

ripe for decision. The Magistrate Judge denied these motions (Docs. 23, 33, 38, 41, 47, and 48) as moot, on grounds that all of these motions related to the dismissed Count Two of Plaintiffs' Complaint. Mootness means that "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Midwest Media Property, LLC v. Symmes Tp.*, Ohio, 503 F.3d 456, 460 (6th Cir. 2007), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, Plaintiffs' claims relating to deprivation of due process of law in connection with earlier litigation in state court were dismissed by the Court on August 13, 2008. The motions which the Magistrate Judge addressed were rendered irrelevant by the dismissal of the claim to which they related. Since the issues presented in these motions are no longer "live", they are moot, and the Magistrate Judge's denial of the motions was correct.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 42) is **DENIED**. Plaintiff's Objection (Doc. 50) is **OVERRULED**. Plaintiff's Motion for Reconsideration (Doc. 51) is **DENIED**. The Clerk of Court is **DIRECTED** to note that all Defendants in this action have been dismissed aside from Art W. Hughes, as per this Court's Order of August 13, 2008.

s/Algernon L. Marbley  
United States District Judge